James **COOK** and Michael **Roish, Plaintiffs,**

v.

**DELMARVA POWER & LIGHT CO.,** a corporation of the State of Delaware, **Defendant and Third-Party Plaintiff,**

v.

**PETTIBONE CORPORATION, PETTIBONE NEW YORK DIVISION,** a corporation of the State of New York, **Third-Party Defendant.**

Superior Court of Delaware,
New Castle County.
Submitted: Sept. 19, 1985.
Decided: Oct. 7, 1985.

Howard M. Berg, Wilmington, for plaintiff Cook.

Sidney Balick, Esquire, Wilmington, for plaintiff Roish.

Robert G. Carey, Wilmington, for defendant and third-party plaintiff.

Richard K. Herrmann, Wilmington, for third-party defendant.

GEBELEIN, Judge.

This case involves an action filed by plaintiffs, James Cook and Michael Roish, against Delmarva Power and Light Company for injuries suffered as a result of an incident on August 19, 1980. Pettibone Corporation was added as a third-party defendant in May of 1984. The case has not yet been pre-tried.

Pettibone Corporation has filed a motion to stay the proceedings as to Pettibone until February 2, 1986. The basis for this motion is the liquidation of Pettibone's insurer and an order of the New York Supreme Court entered in the liquidation proceedings.

Pettibone has been insured by Northumberland General Insurance Company with respect to primary liability insurance. On July 24, 1985, the Supreme Court of Ontario issued an order directing the Superintendent of Insurance (Ontario) to take control of Northumberland and to wind up its affairs pursuant to the applicable statutes. This order of the Supreme Court of Ontario empowers the liquidator to:

> ... carry on the business of the Company so far as is necessary to the beneficial winding up of the same....

*Attorney General of Canada and Northumberland General Insurance Company,* Supreme Court of Ontario, RE 1780/85, (Order, J. Catzman, July 24, 1985).

On July 31, 1985 the Supreme Court of New York entered an order of liquidation with respect to Northumberland General Insurance Company (United States Branch).

Upon motion of the Superintendent of Insurance of the State of New York, the Supreme Court appointed the Superintendent as liquidator of Northumberland General Insurance Company (United States Branch). In its order of liquidation the Supreme Court included the following language:

> ORDERED, that all parties to law suits in this State and all other states and territories of the United States, are hereby enjoined and restrained from proceeding with any pre-trial conference, trial, application for judgment, or proceeding on judgments or settlements in such actions at law, suits in equity, special or other proceedings in which NORTHUMBERLAND GENERAL INSURANCE COMPANY (UNITED STATES BRANCH) is obligated to defend a party insured or any other persons it is legally obligated to defend by virtue of its insurance contract for a period of 180 days from the date hereof; ...

*In the Matter of the Application of James P. Corcoran, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of and Liquidate the Business and Affairs of NORTHUMBERLAND GENERAL INSURANCE COMPANY (UNITED STATES BRANCH),* Supreme Court of New York, Index No. 41765/1985. (Order, J. Blyn, July 31, 1985).

Pettibone contends that under the terms of this order the parties to this action are enjoined or restrained from proceeding further until February 2, 1986. Plaintiffs and defendant contend that such is not the case and propose that the matter should proceed on its normal course to trial.[1] The motion

---

1. As a practical matter, it is unlikely that a trial date would be set until May or June of 1986. To delay pretrial proceedings would likely push that trial date into the fall or winter months.

raises issues of full faith and credit and comity.

It should be noted at the outset that while "a court will usually not, as a matter of comity, permit a party to violate an injunction issued in another state against prosecution of the suit in such court, neither comity nor the full faith and credit clause of the Federal Constitution requires a court to respect such an injunction." 21 C.J.S. *Courts*, § 554, at p. 860. "If a court stays pending proceedings or abates an action by reason of a foreign anti-suit injunction, it does so solely on the ground of comity, and not because the Federal Constitution requires it so to act." Annotation, 74 A.L.R.2d 828, 831.[2] Some courts have been willing to give foreign anti-suit injunctions recognition, and others have not. *Id.* at 831.

Delaware Courts have recognized their power under the proper circumstances to enjoin parties in a pending proceeding from prosecuting the merits of the controversy in a Court in another state. *See, Sinclair Canada Oil Co. v. Great Northern Oil Co.*, Del. Ch., 43 Del. Ch. 411, 233 A.2d 746 (1967) and *Pauley Petroleum, Inc. v. Continental Oil Co.*, Del. Ch., 43 Del. Ch. 366, 231 A.2d 451 (1967) aff'd., Del.Supr., 239 A.2d 629 (1968) for the principles governing the exercise of state courts' power of injunction over actions brought in the courts of another state by parties subject to their jurisdiction.

While a court may under proper equitable circumstances enjoin parties within its jurisdiction from prosecuting actions in other states, the courts of one state will not enjoin the bringing of an action in another state where the courts do not have jurisdiction over the parties or the subject

matter of that action. 43A C.J.S. *Injunctions* § 59 at 48. The order of the New York Supreme Court enjoining all persons who have claims against a party insured by Northumberland, whether subject to its jurisdiction or not, is beyond the jurisdiction of the New York Court and would not preclude this Court from adjudicating a legal claim against Pettibone. *See, Pauley, supra,* at 634.

In circumstances very similar to this case when a court in Iowa issued an injunction prohibiting all litigation against an insurance company which had been placed in receivership in Iowa, a Minnesota court held that the "sweeping terms of the injunction granted by the Iowa court were improper." *Fuhrman v. United America Insurors*, Minn.Supr., 269 N.W.2d 842, 847 (1978). The injunction in that case, similar to the New York order offered here, attempted to reach all creditors and claimants of the insurance company regardless of whether they were ever subject to the personal jurisdiction of the Iowa court. *Id.* The Minnesota Supreme Court cited with approval Clark, *Receivers* (3rd Ed.):

> It is rather apparent, however, that an injunction cannot be directed to other courts *or have the effect of closing other courts to ordinary actions in personam against the defendant.* *Id.* § 625.2. (Emphasis by the Minnesota court)

As the Minnesota Court further noted:

> The general rule is that an injunction operates in personam, and a court therefore may not enjoin persons who are not within its territorial jurisdiction.
>
> \* \* \* \* \* \*
>
> It is well established that an injunction purporting to restrain the prosecution of a legal action in another jurisdiction oper-

**2.** Petitioner calls the Court's attention to an order involving Pettibone where a Florida Circuit Court stayed a proceeding against Pettibone based upon this same New York order. *Gulfstream Land & Development Company v. Pettibone Corporation*, 15th Cir.Ct.Fla., Case No. 81–3535, C.A. (L) 01 F, (ORDER, J. Cohen, August 16, 1985). In that order J. Cohen states: "This Court finds that there is no reason not to give full faith and credit to this order as a valid, binding judgment of a sister State Court." It is not apparent from the order whether it was contested by the parties. One of the matters to be stayed included Pettibone's motion for a new trial. In any event, this Court is satisfied that full faith and credit does not apply to an antisuit injunction.

ates in personam against individuals only. State sovereignty dictates that courts of different jurisdictions may not directly enjoin the actions of one another.

\* \* \* \* \* \*

Instead, recognition of an injunction issued in another state is granted strictly as a matter of comity. *Fuhrman, supra,* at 847.

In this case the New York Court has not asserted jurisdiction over any of the parties in the pending action. It has jurisdiction only over Pettibone's insurer, Northumberland. The New York Court, having appointed the New York Superintendent of Insurance as the provisional liquidator of Northumberland, has by operation of law taken constructive possession of the corporate assets of Northumberland. That action is clearly proper. There is, however, a distinction to be made regarding the power of a court over the property of a corporation in receivership and over claims against that property. Not every suit brought against a defendant in receivership is deemed to interfere with the corporate assets. *Fuhrman, supra,* at 846. As the *Fuhrman* court notes, "... an action in personam to establish the extent of an insolvent's liability on a claim is held not to interfere with the receivership res." *Id.* at 846.

Northumberland, unlike the defendant in *Fuhrman,* is not even a party in this case. The issue of Pettibone's liability is a claim, in personam in nature, that will become an obligation of Northumberland [3] only if reduced to judgment.

This action is to be scheduled for a pretrial conference, most likely for December or January. It is noted that Pettibone at argument asked for time to determine what additional insurance might cover this claim. The Court believes that the normal scheduling probabilities will give Pettibone the time necessary to ascertain its insurance coverage. In addition, it is clear that the prejudice to the plaintiffs in further delaying this case would far outweigh any potential prejudice to Pettibone in proceeding to a pre-trial conference.

The Court declines to act in deference to the New York order of liquidation. The motion for a stay is denied.

IT IS SO ORDERED.

---

**3.** Of course, the question of Northumberland's obligation to provide a defense for Pettibone is also at issue. That issue, however, cannot be allowed to determine the rights of the parties to this longstanding action to have their day in Court.